UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VIRGINIA MARIE YATES, | No. ED CV 14-02442-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the Decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") gave proper

```
                 consideration to Ralph Steiger, M.D.; and
     2.   Whether the ALJ gave proper consideration to Plaintiff's
          credibility.
```
(JS at 4.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ PROPERLY CONSIDERED THE OPINION OF RALPH STEIGER, M.D.**[1]

After administrative denials and a hearing before an ALJ (AR 31-50), an unfavorable Decision was issued. (AR 12-28.) The ALJ utilized the five-step sequential evaluation process described in 20 C.F.R. §§ 404.1520, 416.920, and after determining that Plaintiff had certain severe impairments which did not meet or equal any Listings, he assessed a residual functional capacity ("RFC") which permitted Plaintiff to perform her past relevant work ("PRW"). Thus, the Step Four finding resulted in a conclusion of non-disability.

Dr. Steiger completed an orthopedic evaluation and a Multiple Impairment Questionnaire.[2] Based upon Dr. Steiger's assessment, he

---

[1] Although Plaintiff has limited this issue to the ALJ's evaluation of examining doctor Steiger, she also extensively discusses the ALJ's evaluation of treating physician Dr. Bovetas. Therefore, the Court will include in its discussion of issue no. 1 the ALJ's evaluation of Dr. Bovetas.

[2] This Questionnaire was provided to Dr. Steiger by an unknown third party, perhaps Plaintiff's prior counsel. Dr. Steiger completed the form on February 7, 2013. He performed a private orthopaedic evaluation of Plaintiff on January 15, 2013, resulting in a written
(continued...)

limited her exertional functional abilities. (AR 481-482.)

The ALJ rejected Dr. Bovetas' opinion in the same portion of the Decision in which he addressed Dr. Steiger's opinion. (AR 21.) The ALJ indicated that he considered an April 5, 2011 letter and the Multiple Impairment Questionnaire referenced above, which he determined to have been completed more as an accommodation to Plaintiff and to provide conclusions regarding functional limitations without any rationale being provided. As the ALJ noted,

> "Dr. Steiger essentially assessed the claimant [sic] functional limitations that would preclude her from performing any work activities on a regular and continuing basis. The extreme limitations contrast sharply with the other evidence of record including Dr. Steiger [sic] treatment records, which renders it less persuasive. The treatment record showed essentially no objective clinical findings, other than tenderness, relating to the claimant's musculoskeletal impairments. There were no diagnostic findings to support Dr. Steiger [sic] conclusions of spine degeneration. For these reasons, the undersigned finds this evidence has no probative value because it is not supported by any objective evidence."

(AR 21.)

If the ALJ had rejected Dr. Steiger's conclusions based upon a generic statement that they were inconsistent with the medical record as a whole, that would not constitute substantial evidence in that

---

²(...continued)
report (AR 47-48).

such a conclusory finding would hinder effective judicial review. But here, the ALJ did review the medical evidence of record, including Dr. Steiger's own records. If the ALJ was correct in concluding that Dr. Steiger's opinion contained functional limitations inconsistent with his overall physical examination findings, this would be a supportable conclusion. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). Here, the Court finds that the ALJ's conclusion is supportable based upon its view of the record evidence. Generally, the examination results were unremarkable, with regard to sensation to pain, touch, and proprioception (AR 329, 333, 335, 340, 342). Similarly, Plaintiff's back examinations were normal except for some spinal tenderness; Dr. Steiger reported her gait to be normal, as well as her sensation, strength in upper extremities and lower extremities, and bilaterally, deep tendon reflexed as found to be symmetric and normal. (See citations to record at JS 17.)

The ALJ's further observation that Plaintiff had only received conservative treatment in the form of medication for her complaints of musculoskeletal pain is also an acceptable basis upon which to discount or reject the opinion of an examining physician. (See AR at 333, 342, 19.) See Jones v. Astrue, 499 Fed.Appx. 676, 677 (9th Cir. 2012) (unpublished).

Further, the ALJ did properly rely upon the opinion of medical expert ("ME") Dr. Plotz, who had examined all of the medical evidence of record and did not assess any of the functional limitations found by Dr. Steiger. Indeed, Dr. Plotz testified there was nothing in the record which would explain Plaintiff's back or neck pain. (AR 40.) He found there were no physical abnormalities relating to the neck, back, knees, hip or anything else. (Id.)

4

As noted, the Court will also address the ALJ's assessment of treating physician Dr. Bovetas. Dr. Bovetas concluded that Plaintiff was disabled, but that is the province of the Commissioner, not a physician. (See AR 21, 341, 433-440.)

As with Dr. Steiger's opinion, the ALJ determined to reject Dr. Bovetas' opinion because it so sharply contrasted with other evidence of record, which included Dr. Bovetas' own treatment records. (Id.) Further, the ALJ reasonably concluded that Dr. Bovetas' opinion was inconsistent with her own clinical findings (AR 21), based upon a generally normal set of clinical examination findings, except for spinal tenderness. (AR 21, 341.) See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008). Indeed, the Court's own review of Dr. Bovetas' treatment records is not inconsistent with the ALJ's own review, in that, generally, unremarkable findings were documented. (See citations at JS 19-20.)

For the foregoing reasons, the Court concludes that the ALJ did not improperly discount or reject the opinions of Drs. Steiger and Bovetas.

**II**

**THE ALJ PROPERLY ASSESSED PLAINTIFF'S CREDIBILITY**

Plaintiff herself did not appear at the hearing before the ALJ. (AR 49.) The ALJ found that she had waived her right to testify by not attending. (AR 15.) Plaintiff notes that the ALJ failed to mention that Plaintiff's representative objected and requested a Notice to Show Cause, which the ALJ rejected. (AR 49.) Plaintiff's counsel points out that subsequent correspondence from Plaintiff's husband and cousin revealed that she had experienced multiple seizures resulting

in injuries to her face due to falls, which prevented her from attending the hearing, and that these events were corroborated by letters from a nurse and Dr. Bovetas. (See JS at 27.)

With regard to Plaintiff's failure to appear at the hearing, the ALJ is under certain administrative and regulatory requirements which he must follow when this happens. Here, the requirements outlined in 20 C.F.R. § 404.938 were followed. Plaintiff's representative was unable to locate her at the hearing. The Notice of Hearing had been mailed to Plaintiff at her last known address. Finally, an Acknowledgment of Notice of Hearing was on record indicating Plaintiff actually received and returned the Acknowledgment form. Consequently, the ALJ had the discretion to proceed with the hearing, to accept testimony of other witnesses, and to allow questioning of those witnesses and argument from Plaintiff's representative. At the hearing, the ALJ took testimony from an ME and Vocational Expert ("VE"). (AR 37-42, 44-46. Further, Plaintiff's representative made arguments on her behalf and did cross-examine the testifying witnesses. Thus, the Court finds that the ALJ properly found that Plaintiff had constructively waived her right to attend the hearing.

As to Plaintiff's credibility, the ALJ evaluated this based upon statements from her disability application and seizure questionnaire. (AR 19, 174, 182-184.)

In evaluating Plaintiff's credibility, the ALJ set forth a number of reasons. First, he determined that her complaints were not supported by the objective evidence. (AR 19-22.) A lack of medical evidence cannot form the sole basis for discounting a statement of alleged symptoms, but it is one factor to be considered in the credibility analysis. See Burch v. Barnhart, 400 F.3d 676, 681 (9th

Cir. 2005).

The ALJ also relied upon routine and conservative treatment which contrasted with the extreme limitations which Plaintiff claimed. (AR 19-20.) Again, this is a permissible factor if supported by the evidence. See Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995). The ALJ noted that with regard to Plaintiff's seizures, her medications were adjusted and she reported feeling better as a result. (AR 20, 350.)

The ALJ also relied upon Dr. Plotz's (ME) testimony as to Plaintiff's functional abilities. (AR 20.)

All in all, the Court determines that the reasons cited by the ALJ are supported by substantial evidence, and are adequate to assess credibility.

For the foregoing reasons, the Court finds no error in the ALJ's credibility analysis.

The decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED**.

DATED: June 8, 2015                /s/
                         VICTOR B. KENTON
                         UNITED STATES MAGISTRATE JUDGE